## CITY OF WILLS POINT v. DEEN.

### No. 13689.

Court of Civil Appeals of Texas. Dallas.

Jan. 25, 1946.

Rehearing Denied Feb. 22, 1946.

Wynne & Wynne, of Wills Point, for appellant.

W. E. West, of Canton, and Earl M. Greer, of Wills Point, for appellee.

BOND, Chief Justice.

This is an appeal from an order of the District Court of Van Zandt County denying, on hearing, appellant's application for temporary injunction to restrain appellee from further proceeding with repairs to a building located within the fire limits of the City of Wills Point, Texas.

The evidence is uncontroverted: In 1922 under legislative grant (Art. 1067, R.S.) to guard against calamities of fire, the City of Wills Point enacted an ordinance: "Section One. That it shall be unlawful for any person, firm or corporation to build, erect, move, replace, enlarge or repair any wooden building or structure whatsoever, constructed of wood or any other combustible material; or a building with a wooden roof; or a building with a frame of wood, and the walls or roof of iron or other metal; * * *", within the fire limits as therein described. "Section Three: Whenever any wooden building or any building of wood or iron now standing within said limits shall be damaged by fire or from other causes to the extent of fifty per cent of its value, the rebuilding or repairing of the same is hereby especially prohibited." The City of Wills Point, perforce the provisions of this ordinance, instituted this suit seeking to prevent appellee from making needed repairs to his building. The building is a frame structure (50 x 100 feet), outside, ironclad walls and metal roof; inside, wooden ceiling, floor and partition walls. The building is substantially constructed, and for many years used as a warehouse for storage of grain, hay and other feed products. While the building is now within the fire limits, yet it was not within these limits at time of its construction. It was lawfully built, with large double-doors in front and rear to allow wagons and trucks laden with feed to enter and depart. In course of years, the iron siding and double-doors in front of building had fallen into a state of decay, or partial ruin, by neglect, or misuse, as to cause the interior of the building near the doors to become damaged and otherwise unsuited to the purpose for which it was used; manifestly creating an exceedingly unsightly and dangerous fire hazard.

Some few days prior to the institution of this suit, the Women's Civic Garden Club of Wills Point, evidencing interest in improvements and beautification of the City, obtrusively urged appellee to make

repairs to his building to give it a more favorable and inviting appearance. In deference to their solicitation, and with ideas of his own to obviate the condition and to change the occupancy of the building from a warehouse for feed and hay, appellee first planned to replace the front with brick; but, on being advised by the Mayor of the City that under the terms of the ordinance he could not face the building with brick, he revised his plans, removed the old siding and doors, supplied upright 2x4 studding where needed, and faced the front with shiplap covered with imitation brick asphalt siding, with two windows and a single door. At the time appellant brought this suit, such improvement, or repair, was practically completed, at an expense of about $125, five per cent of its value, and the building occupied by the Rural Electrification Agency of Van Zandt County. There is evidence that the improvement thus made would not increase the fire insurance rate thereon, or affect the City's basic fire rate, or create further fire hazard, or in any way be a detriment to public rights. It is not contended on this appeal that such improvement and occupancy would have such effect. Appellant relies on the right of the municipality to require the repairs to be made of like materials of which the building was constructed.

It will be observed that the ordinance in question had for its sole purpose the prevention of fire, guarding against calamities of fire. Taking its terms literally, Section One makes it unlawful for anyone to repair a building, regardless of the extent of repairs or damage, and regardless of whatever material one may use, even though none of the materials used would make additional fire hazard. Only by rule of presumption, could appellee have repaired his building under the terms of the ordinance. Section Three expressly provides that any wooden building or any building of wood and iron standing within the fire limits which shall be damaged by fire or from other causes, to the extent of 50 per cent of its value, shall not be rebuilt or repaired. Thus, there is no provision expressly authorizing or condemning repairs to buildings, as in this instance, which shall have been damaged to an extent below 50 per cent of value. the express exclusion of the right to repair buildings damaged to the extent of 50 per cent or more, gives the reasonable presumption that less damaged buildings may be repaired, and that, too, with such materials as to meet the intent and purpose of the law. Appellee's building having been lawfully erected before it was included in the fire limits, the right to repair could not be denied by the City merely because it was of iron and wood construction, unless such repairs would create a greater fire hazard than it did when included within the fire limits.

To deny one the right to repair, as contended by appellant in this case, would take his property without due process of law. "Since it is clear that the owners of a building lawfully erected have a vested property right in the building, it necessarily follows that they have the right to repair the building so as to keep it fit for use. To deny this is to deny the enjoyment of the property right itself." Crossman v. City of Galveston, 112 Tex. 303, 247 S.W. 810, 812. The right to declare that repairs shall not be made under any and all conditions, does not rest upon findings of the City Counsel; only in such cases where the repairs shall endanger life or health, violate the laws of decency or obstruct the reasonable and comfortable use of property, or which are subversive of public order, decency or morals, or which constitute an obstruction of public rights, or which shall impose dangerous fire risk, or a source of danger to adjoining buildings, and such like, shall the City have the power under police regulation to impose restriction on minor repairs to buildings lawfully constructed.

In this case we are not called upon to determine the rights of the City in furtherance of its police power to enact ordinances in the interest of public welfare or to safeguard the rights of its citizens; suffice to say that the matter here involved does not trespass on the rights of others, or in any way impose on public rights. Hence the ordinance which expressly prohibits repairs on all buildings constructed of wood within the fire limits without limitations, where the owner had a vested right, contravenes the constitutional right to property. Spann v. City of Dallas, 111 Tex. 350, 235 S.W. 513, 19 A.L.R. 1387. Appellee having merely exercised his vested constitutional right of property, the City was without power to order the repairs abated or restrained.

Judgment of the court below affirmed.